# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Daniel Wolff,

Petitioner

v.

Brian Williams, et al.,

Respondents

Case No. 2:20-cv-00494-JAD-EJY

**Order Granting Leave to Proceed *in Forma Pauperis*, Denying Appointment of Counsel, and Directing Amendment of Petition**

ECF Nos. 1, 1-2, 3

Daniel Wolff brings this habeas action seeking relief from a state-court conviction for murder with the use of a deadly weapon and robbery with the use of a deadly weapon. Wolff moves for leave to proceed *in forma pauperis*, to add supplemental exhibits, and for appointment of counsel. I grant the first two motions and deny the third. I have also reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and found that, in almost every ground for relief, Wolff refers to documents that he did not include with his petition and that some grounds have other defects. So I give Wolff until May 7, 2020, to file an amended petition that corrects these defects.

**Discussion**

**A.     Wolff qualifies for leave to proceed *in forma pauperis*.**

The application to proceed *in forma pauperis*[1] shows that Wolff does not have sufficient money to pay the filing fee. I therefore grant the application.

---

[1] ECF No. 1.

**B.	Wolff's motion to add supplemental exhibits**

I grant Wolff's motion to add supplemental exhibits.[2] However, as I describe in the next section, these exhibits do not solve the problems with the grounds that Wolff alleges in the petition.

**C.	Most of Wolff's grounds are incomplete.**

Habeas Rule 2(c)(1) requires petitioners to "state the facts supporting each ground." Wolff's Grounds 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, and 15 all refer to testimony in the trial transcript. Grounds 9, 10, 11, and 12 also refer to an Exhibit C. These references have multiple problems. First, Wolff has not provided the court a copy of the trial transcript. Second, none of the exhibits that Wolff has provided is labeled as "Exhibit C." Wolff is referring the court to facts in documents that the court either does not have or cannot find. Wolff thus has not satisfied the requirement of Habeas Rule 2(c)(1) that he state the facts that support each ground. And even if Wolff had provided the transcript and had labeled one of the exhibits as Exhibit C, his references in the petition are far too vague. He states only to see the transcript testimony or Exhibit C, he does not cite individual pages in each ground. The court will not read through the transcript and that exhibit, trying to match facts in those documents to the grounds in the petition, and it will not expect respondents to do so either. It is Wolff's job to state the facts that support each ground.

Wolff will need to file an amended petition that corrects this problem. He cannot attach a transcript or other documents and then expect the court or the respondents to create the grounds for him. In the body of each ground, he must state the specific facts that support that ground.

---

[2] ECF No. 3.

### D. Ground 4 is too vague.

Whether deliberately or by omission, Wolff did not refer to transcript testimony for ground 4. But ground 4 still is too vague. Wolff alleges that in the second or third week of the trial, the prosecution provided the defense with compact-disc recordings of Wolff's telephone calls from the Clark County Detention Center. The defense moved to exclude these recordings from evidence, without success. Wolff claims that the late introduction of the recordings violated *Brady v. Maryland*.[3]

*Brady* requires the prosecution to disclose potentially exculpatory evidence to the defense. The prosecution also must disclose evidence that has the potential to impeach the credibility of prosecution witnesses.[4] However, Wolff has not alleged what he said in those recorded conversations. Without that information, I cannot determine whether the prosecution violated *Brady* or *Giglio v. United States*. Wolff will need to allege those specific facts in his amended petition.

### E. Ground 7 relies on Wolff correcting the problems with grounds 1 through 6.

In ground 7, Wolff alleges that appellate counsel provided ineffective assistance because he did not raise on direct appeal the claims now contained in grounds 1 through 6. As I have described above, grounds 1 through 6 are incomplete, and Wolff will need to file an amended petition that alleges specific facts in support of each ground. If Wolff does not correct the problems with grounds 1 through 6, then ground 7 also will be incomplete, and the court will dismiss it.

---

[3] 373 U.S. 83 (1963).

[4] *Giglio v. United States*, 405 U.S. 150 (1972).

### F. Wolff does not qualify for court-appointed counsel.

Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.[5] "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[6] There is no constitutional right to counsel in federal habeas proceedings.[7] The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.[8]

Almost all of the petition is too vague by itself to proceed. The exception is ground 14, which contains specific factual allegations and no references to documents that the court does not possess. I deny the request to appoint counsel because, at this time, almost all of the grounds for relief have no likelihood of success on the merits.

### Conclusion

IT THEREFORE IS ORDERED that Wolff's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED.** Petitioner need not pay the filing fee of $5.00.

IT FURTHER IS ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is DENIED.**

IT FURTHER IS ORDERED that the motion to add supplemental exhibits **[ECF No. 3] is GRANTED.**

---

[5] 18 U.S.C. § 3006A(a)(2)(B).
[6] *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).
[7] *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).
[8] *Weygandt*, 718 F.2d at 954.

IT IS FURTHER ORDERED THAT **petitioner has until May 7, 2020, to file an amended petition to correct the deficiencies identified in this order.** Neither this deadline nor any extension of it signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. **Failure to comply with this order will result in the dismissal of this action.** Petitioner must clearly title the amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and he must place the case number 2:20-cv-00494-JAD-EJY above the word "AMENDED."

IT FURTHER IS ORDERED that **the Clerk of the Court is directed to**:

- FILE the petition for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1-1] and the motion for appointment of counsel [ECF No. 1-2];

- SEND petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions; and

- ADD Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents; and ELECTRONICALLY SERVE upon respondents a copy of the petition and this order.

. . .

FINALLY, IT IS FURTHER ORDERED THAT Respondents' counsel must enter a notice of appearance in this case by April 28, 2020, but no further response will be required from respondents until further order of the court.

Dated: April 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey