**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL WOLFF, | Case No.: 2:20-cv-00494-JAD-EJY |
| Petitioner | |
| v. | **Order Provisionally Appointing Federal Public Defender** |
| BRIAN WILLIAMS, et al., | [ECF Nos. 6, 8] |
| Respondents | |

Pro se petitioner Daniel Wolff has filed an amended petition for habeas relief from his 2004 conviction one count of first-degree murder with the use of a deadly weapon and one count of robbery with the use of a deadly weapon that.[1]  Wolff previously moved for court-appointed counsel.[2]  I denied that motion because Wolff's initial habeas corpus petition was too vague and Wolff was attempting to incorporate by reference exhibits that he did not provide to the court. Having reviewed the amended petition, I reconsider that denial.  I find that Wolff has demonstrated that counsel is appropriate, so I provisionally appoint the Federal Public Defender to represent Wolff in this case.

Wolff also has filed a request for production of documents.[3]  This motion is moot because I am appointing counsel to represent Wolff, and counsel will determine whether further relief is necessary.

---

[1] ECF No. 9.
[2] ECF No. 6.
[3] ECF No. 8.

**Discussion**

There are several reasons to grant Wolff's request for counsel. Wolff currently is serving two consecutive sentences of life imprisonment without the possibility of parole for first-degree murder with the use of a deadly weapon, and two consecutive sentences of 4–12 years, for robbery with the use of a deadly weapon.[4] According to a fragment of a transcript, the trial lasted six weeks.[5] The issues that he presents in the amended petition have some complexity, and a trial that long likely will have other complex issues. These factors weigh in favor of appointing counsel and Wolff is financially eligible for court-appointed counsel.[6]

Wolff has also filed a request for production of documents.[7] Respondents oppose that request.[8] I deny that motion as moot because I am appointing counsel to represent petitioner, and counsel will decide how to manage this action.

**Conclusion**

Upon reconsideration, IT IS THEREFORE ORDERED that the denial of the motion for appointment of counsel **[ECF No. 4 at 4] is VACATED**.

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 6] is GRANTED**. **The Federal Public Defender is appointed provisionally as counsel**.

IT IS FURTHER ORDERED that Petitioner's Motion for Production of Documents **[ECF No. 8] is DENIED** without prejudice.

---

[4] ECF No. 9 at 2.
[5] *Id.* at 26.
[6] 18 U.S.C. § 3006A; ECF No. 4 at 4.
[7] ECF No. 8.
[8] ECF No. 10.

IT FURTHER IS ORDERED that the Federal Public Defender has until July 3, 2020, to (1) undertake representation of Wolff or (2) indicate to the court the office's inability to represent Wolff. If the Federal Public Defender is unable to represent Wolff, then the court will appoint alternate counsel. The court will set a deadline for filing a second amended petition once counsel has appeared. The court does not signify any implied finding of tolling during any time period established or any extension granted. Wolff always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely.[9]

Dated: June 3, 2020

_____
U.S. District Judge

---

[9] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).