UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Wolff,<br><br>　　　Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　　Respondents | Case No.: 2:20-cv-00494-JAD-EJY<br><br>**Order Granting Motion to Strike and for More Definite Statement, and Striking or Denying Motion to Dismiss**<br><br>[ECF Nos. 21, 28] |

　　　Nevada inmate Daniel Wolff brings this counseled habeas corpus action under 28 U.S.C. § 2254 to challenge his 2004 Nevada state-court convictions for robbery with the use of a deadly weapon and first-degree murder with the use of a deadly weapon. Respondents move to dismiss his petition as untimely or unexhausted.[1] Wolff responds by asking the court to strike the respondents' untimeliness argument and order them to provide a more definite statement of the basis for that challenge.[2] Because respondents have not stated their untimeliness defense with sufficient particularity, I grant the motion to strike and give respondents until April 1, 2022, to file an answer or new motion to dismiss.

**I.　　Procedural Background**

　　　Wolff had one year from the finality of his judgment of conviction to commence a federal habeas corpus action under 28 U.S.C. § 2254.[3] The state district court entered its judgment of conviction on November 18, 2004.[4] The state district court entered an amended judgment of

---

[1] ECF No. 21.
[2] ECF No. 28.
[3] 28 U.S.C. § 2244(d)(1)(A).
[4] Ex. 87 (ECF No. 23-37).

conviction on December 10, 2004.[5]  Wolff filed a notice of appeal on December 17, 2004.[6]  The Nevada Supreme Court affirmed on September 27, 2006.[7]  The judgment of conviction became final on January 19, 2016, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.[8]

The time that Wolff spent on a post-conviction habeas corpus petition in the state courts did not count toward the one-year period.[9]  Wolff's state post-conviction proceedings had some complications.  Wolff put the case number of his direct appeal in the Nevada Supreme Court on the petition form.  The state district court received the petition on October 18, 2007, but did not file it.[10]  Wolff resubmitted his petition, and the state district court filed it on September 6, 2008, which was after Nevada's one-year statute of limitation had run.[11]  Eventually, the state district court concluded that either the petition was timely filed on October 18, 2007, or events external to the defense warranted tolling.[12]  The state district court denied the petition on November 8, 2018.[13]  Wolff filed his notice of appeal on December 7, 2018.[14]  On January 24, 2020, the

---

[5] Ex. 90 (ECF No. 23-40).
[6] Ex. 91 (ECF No. 23-41).
[7] Ex. 117 (ECF No. 24-17).
[8] *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009), Sup. Ct. R. 13(1).
[9] 28 U.S.C. § 2244(d)(2).
[10] Ex. 123 (ECF No. 24-23).
[11] *Id.  See also* Nev. Rev. Stat. § 34.726(1).
[12] Ex. 155 (ECF No. 25-5).
[13] Ex. 172 (ECF No. 25-28).
[14] Ex. 174 (ECF No. 25-30).

Nevada Supreme Court affirmed the denial of the petition.[15]  The Nevada Supreme Court issued its remittitur on February 18, 2020.[16]

Wolff's proper-person § 2254 was postmarked on March 6, 2020,[17] and his motion to add supplemental exhibits was postmarked on March 31, 2020.[18]  Wolff filed these documents before the federal statute of limitation ran.  On April 7, 2020, I directed Wolff to file an amended petition to correct defects in the original petition.[19]  Wolff's proper-person first amended petition was postmarked on May 8, 2020.[20]  I then appointed the Federal Public Defender to represent Wolff.[21]  Wolff filed a counseled second amended petition on March 10, 2021.[22]

Because Wolff's first and second amended petitions were filed after the federal statute of limitation ran, his claims need to relate back to the original petition to be timely.[23]  The respondents move to dismiss the second amended petition as untimely, unexhausted, or procedurally defaulted.[24]  Wolf responds with a motion to strike or for a more definite statement, arguing that the respondents' timeliness challenge is too vague and generalized to permit his fair response.[25]

---

[15] Ex. 198 (ECF No. 25-54).

[16] Ex. 199 (ECF No. 25-55).  *See also Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005) (judgment becomes final and period of limitation resumes upon issuance of remittitur).

[17] ECF No. 5.

[18] ECF No. 3.

[19] ECF No. 4.

[20] ECF No. 9.

[21] ECF No. 11, 13.

[22] ECF No. 18.

[23] Fed. R. Civ. P. 15(c).

[24] ECF No. 21.

[25] ECF No. 28.

## II. Analysis

Respondents argue in their motion to dismiss that the second amended petition as a whole is untimely because Wolff filed it after the one-year deadline.[26] They broadly take the position that all of Wolff's claims are untimely by virtue of the operative petition's filing date alone, so Wolff must show actual innocence, grounds for equitable tolling, or that his claims relate back to a prior timely filing.[27] In his motion to strike or for more definite statement, Wolff responds that this vague and generalized assertion of this untimeliness defense has not given him fair notice of its contours with respect to any ground he asserts.[28] So he asks the court to strike the untimeliness argument in the motion to dismiss and direct the respondents to provide a more definite statement of it.[29]

Respondents' contention that their blanket untimeliness objection is sufficient ignores the fact that the particularity with which an affirmative defense must be pled is different in a habeas case than in a standard civil-litigation matter. Habeas Rule 5(b) states that "The answer must address the allegations in the petition. It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."[30] Although this rule does not mention the degree of specificity of response required in a motion to dismiss, until recently, it was a long-standing practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why. Respondents do not indicate why this practice was abandoned here or

---

[26] ECF No. 21 at 4–6.
[27] *Id*.
[28] ECF No. 28 at 5–6.
[29] *Id*.
[30] Habeas Rule 5(b).

why a lesser standard should apply when the defense is first asserted by motion to dismiss instead of by answer. They cite the Ninth Circuit's recent decision in *Ross v. Williams*, in which the en banc court noted that the burden to prove relation back falls upon the habeas petitioner—a point that Wolff does not deny.[31] But in *Ross* itself, the respondents identified specific claims and the reasons they did not relate back; they did not merely point to the filing date as the reason for the untimeliness, as respondents do here.[32]

Respondents also remind me that I noted in the screening order that it is not the court or respondents' job to scour exhibits in search of facts to support Wolff's grounds for relief.[33] They suggest that this notation shows that Wolff's earlier petition was too vague to permit them to do the work of "cogently address[ing] whether Wolff's claims relate-back. . . ."[34] Indeed, grounds 1–6 of the original petition contained nothing but vague allegations and overbroad citations simply to the transcript and an exhibit. And ground 7 of the original petition was a claim that appellate counsel did not raise the preceding vague claims on direct appeal. So respondents are correct that I would not serve such a petition upon them for a response.

But I directed Wolff to file an amended petition, and once I reviewed his proper-person amended petition, I appointed counsel to represent him. I have compared Wolff's counseled second amended petition with his original petition, and there is substantial but not complete overlap between the two. Wolff states that grounds 7 and 8 of the second amended petition are new.[35] Grounds 1, 3–6, 9, and 10 of the second amended petition are facially similar to grounds

---

[31] *Ross v. Williams*, 950 F.3d 1160, 1165 (9th Cir. 2020) (en banc).
[32] *Ross*, 950 F.3d at 1165.
[33] ECF No. 33 at 6 (citing ECF No. 4 at 2).
[34] *Id*.
[35] ECF No. 18 at 23, 25.

5

8–15 of the original petition. Those grounds, though they might have contained vague citations to the trial transcript, alleged specific facts, perhaps enough to determine whether the claims in the second amended petition share a common core of operative facts with the claims in the original petition. Finally, ground 2 of the original petition stated simply that a particular prospective juror contaminated the venire, with a citation only to the transcript in general. Ground 2 of the second amended petition names the same person and alleges contamination but also alleges specific facts that are lacking in the original petition's ground 2. So simply offering the blanket statement that the entire second amended petition is untimely because Wolff filed it after expiration of the statute of limitations will not work for this case.

Respondents' vague timeliness challenge improperly evades the spirit, if not the letter, of the specificity requirement in Habeas Rule 5(b). And it frustrates the judicial process by ensuring that the heart of the equitable-tolling or relation-back issues isn't reached until respondents' reply brief, depriving the petitioner of a fair opportunity to address them, and leaving the court with an incomplete analysis. To avoid this scenario and ensure fairness in this process, I grant the motion to strike and for a more definite statement; strike the untimeliness argument in the motion to dismiss and deny the remainder of that motion without prejudice to respondents' ability to reassert it in a renewed motion; and give the respondents until April 1, 2022, to either answer the second amended petition or file a renewed motion to dismiss in which they specifically explain their untimeliness defense and any tolling or relation-back arguments on a claim-by-claim basis.

### III.   Conclusion

IT IS THEREFORE ORDERED that petitioner's motion to strike or for a more definite statement **[ECF No. 28] is GRANTED.  The untimeliness argument in respondents' motion to dismiss [ECF No. 21] is deemed STRUCK, and the remainder of that motion [ECF No. 21] is DENIED** without prejudice.

IT IS FURTHER ORDERED that respondents have until April 1, 2022, to file an answer or a new motion to dismiss with a more definite statement of their untimeliness challenge on a claim-by-claim basis.  The briefing schedule in the July 8, 2020, order [ECF No. 13] otherwise remains in effect.

_____
U.S. District Judge Jennifer A. Dorsey
March 1, 2022