UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Wolff,<br>                Petitioner<br>    v.<br>Brian Williams, et al.,<br>                Respondents | Case No. 2:20-cv-00494-JAD-EJY<br><br>**Order Denying Motion to Alter or Amend Judgment and Alternative Motion for Certification**<br><br>[ECF No. 36] |

In this habeas corpus proceeding under 28 U.S.C. § 2254, respondents moved to dismiss petitioner Daniel Wolff's second amended habeas petition as untimely or unexhausted.[1] In response, Wolff moved to strike respondents' untimeliness argument because it failed to identify the particular claims in the petition that did not relate back to Wolff's timely pro se petition.[2] I granted Wolff's motion, struck respondents' untimeliness argument, and denied the remainder of the motion to dismiss without prejudice.[3] In doing so, I ordered that a new motion to dismiss must include "a more definite statement of [respondents'] untimeliness challenge on a claim-by-claim basis."[4] Respondents now move to alter or amend judgment under Fed. R. Civ. P. 59(e), asking that I reconsider that decision.[5] Alternatively, respondents ask that I certify the decision

---

[1] ECF No. 21.
[2] ECF No. 28.
[3] ECF No. 35.
[4] *Id*. at 7.
[5] ECF No. 36.

for immediate appellate review.[6]  Because respondents have not demonstrated a basis for relief, I deny the motion.

**A.     Motion to Alter or Amend**

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'"[7]  Respondents argue that my decision was "clearly erroneous" because I relied on Habeas Rule 5(b) in rendering my decision though nothing in the rule requires respondents to address whether claims in a habeas petition filed after the statutory deadline relate back, under the Federal Rules of Civil Procedure, to claims contained in a timely-filed petition.  Habeas Rule 5(b) states that "[t]he answer must address the allegations in the petition.  It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."[8]  The reference to "any claim" arguably suggests that the affirmative defenses listed must be directed at particular claims rather than the entire petition.  But, as I noted in my prior order, "this rule does not mention the degree of specificity of response required in a motion to dismiss."[9]  So respondents aren't wrong that Rule 5(b) does not control the outcome here.

But that does not mean that my decision was "clearly erroneous." Respondents cite no persuasive authority demonstrating that I was incorrect in concluding that the particularity with which an affirmative defense must be pled is different in a habeas case than in a standard civil-litigation matter.  As I explained in my prior order, there is substantial overlap between the

---

[6] *Id.*

[7] *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

[8] Rule 5(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

[9] ECF No. 35 at 4.

2

claims in Wolff's timely original petition and those in his second amended petition.[10] Respondents cannot argue in good faith that all the claims in the second amended petition are untimely, and requiring them to make their untimeliness arguments on a claim-by-claim basis brings legitimate points of contention into focus when the motion to dismiss is filed instead of waiting until the reply.

Respondents also argue that I miscalculated or overlooked the respective burdens placed on each party in deciding whether relation back should be first addressed in the motion to dismiss or the response to the motion. They state that I "indicated that . . . it would unduly burden the petitioner" to do so in his response.[11] Respondents mischaracterize my analysis. Rather than conclude or suggest that the petitioner would be unduly burdened, I merely noted that the respondents' blanket timeliness challenge deprived petitioner of a fair opportunity to address relation-back arguments because, otherwise, the heart of the matter would not be reached until respondents filed their reply brief.[12]

I am also not persuaded that my ruling imposes a heavy burden on the respondents. In addressing relation-back issues, respondents are not required "to sift through multiple petitions and attachments," as they claim in their motion.[13] Rather, their initial burden is to identify any *particular claims* in Wolff's second amended petition that arguably do not share "a common core of operative facts" with timely-filed claims.[14] The burden then shifts to Wolff to "identify the

---

[10] *Id.* at 5–6.

[11] ECF No. 36 at 3.

[12] *See id.* at 6.

[13] ECF No. 36 at 3.

[14] *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) (noting that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims" (citation omitted)).

specific portions of an earlier pleading that contain the relevant factual material to which the new pleading is attempting to relate back."[15] With respondents' reply, the court should have the complete picture without need for "supplemental briefing to better explain the relationship between the amended petition and the original one."[16]

In summary, the decision to require the respondents to make a more definite statement with respect to their timeliness arguments is at least debatable. So, the court did not commit clear error warranting reconsideration.[17] While I will not set aside my prior order, I do make one clarification. In the order, I stated that respondents' renewed motion to dismiss must "specifically explain their untimeliness defense and any tolling or relation-back arguments on a claim-by-claim basis."[18] To the extent this can be read to require respondents to address equitable tolling in their motion to dismiss, I vacate that requirement. Unlike relation-back, equitable tolling is an issue that respondents are generally unable to address until the grounds supporting it are asserted by the petitioner.

**B.     Certification for Appeal**

Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[19] Certification of a non-appealable order under section 1292(b) is appropriate if the order (1) "involves a controlling question of law," (2) "as to which there is a

---

[15] *Ross v. Williams*, 950 F.3d 1160, 1172 (9th Cir. 2020).

[16] *Id.*

[17] *See McDowell*, 197 F.3d at 1256 (9th Cir. 1999) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting attorney general's use of documents from trial counsel's file was debatable).

[18] ECF No. 35 at 6.

[19] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[20]  Although there is a substantial ground for difference of opinion with respect to my prior order, it does not involve a controlling question of law.  A controlling question of law means that the resolution on appeal could have a material effect on the outcome of the case in the district court.[21]  Respondents do not address, and I am unable to discern, how the appellate court's resolution of the question at issue would materially affect the outcome of this case in this court.

I am also not convinced that an immediate appeal would materially advance the ultimate termination of this litigation.  Respondents argue that, until the issue is resolved, they will "continue to raise this issue in other cases, which . . . will only serve to delay federal habeas proceedings in this district."[22]  They fail to explain, however, how an interlocutory appeal could materially advance the ultimate termination of *this* case, which is the relevant inquiry.  They also threaten to further delay these proceedings by "appeal[ing] this Court's order as an interlocutory order and . . . requesting a stay of the briefing schedule until that appeal is resolved."[23]  Such an appeal would be frivolous and may warrant sanctions.[24]

**IT IS THEREFORE ORDERED** that respondents' motion to alter or amend or, alternatively, for certification **[ECF No. 36] is DENIED.**

---

[20] *See* 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

[21] *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026.

[22] ECF No. 39 at 7.

[23] *Id*.

[24] *See United States v. Blodgett*, 709 F.2d 608, 609 (9th Cir. 1983) ("We hold that a district court has the power to sanction counsel for filing a frivolous appeal in bad faith, which includes one filed solely for purposes of delay.").

**IT IS FURTHER ORDERED** that respondents have until July 10, 2022, to file an answer or a new motion to dismiss with a more definite statement of their untimeliness challenge on a claim-by-claim basis. The briefing schedule in the July 8, 2020, order [ECF No. 13] otherwise remains in effect.

Dated: June 10, 2022

_____
U.S. District Judge Jennifer A. Dorsey