UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Wolff,<br>　　　　　　Petitioner<br>　　v.<br>Brian Williams, et al.,<br>　　　　　　Respondents | Case No.  2:20-cv-00494-JAD-EJY<br><br>**Order Granting in Part Respondents'<br>Motion to Dismiss**<br><br>[ECF Nos. 41, 43] |

Daniel Wolff brings this habeas corpus proceeding under 28 U.S.C. § 2254 to challenge his 2004 state-court murder and robbery convictions.  Respondents move to dismiss Wolff's second amended habeas petition[1] as untimely, unexhausted, or procedurally defaulted.[2]  I grant the motion as to Grounds 2, 6, 7, and 8; defer a ruling on Ground 4 until merits review; deny the motion in all other respects; and direct the respondents to file an answer to the remaining claims by January 9, 2023.

**Background**

After a trial in the state district court for Clark County, Nevada, the jury found Wolff guilty of first-degree murder with use of a deadly weapon and robbery with use of a deadly weapon.[3]  In the penalty phase of the trial, the jury imposed a sentence of life without the possibility of parole for the murder that was enhanced with an equal and consecutive sentence for use of a deadly weapon.[4]  After amendments with respect to time served and restitution, a

---

[1] ECF No. 18.
[2] ECF No. 41.
[3] ECF No. 23-27.
[4] ECF No. 23-30.

second-amended judgment of conviction was entered on January 4, 2005, sentencing Wolff to 40–180 months on the robbery, and life without the possibility of parole on the murder, plus an equal and consecutive sentence for the deadly weapon enhancement.[5] The Nevada Supreme Court affirmed the judgment on September 27, 2006.[6]

On September 6, 2008, the state district court clerk filed Wolff's post-conviction petition for a writ of habeas corpus that the court denied as untimely.[7] On appeal, the Nevada Supreme Court noted that the petition was stamped received on October 18, 2007, and remanded the case to the lower court to determine whether the petition should be deemed timely.[8] Due to delays caused by at least two appointed attorneys failing to act on Wolff's behalf, the state district court did not determine that the petition was timely until nearly eight years later in April of 2015.[9]

In September of 2016, Wolff filed a counseled supplement to his state petition for writ of habeas corpus.[10] The state district court held an evidentiary hearing and then denied relief.[11] The Nevada Supreme Court entered an order of affirmance on January 24, 2020, and issued a remittitur on February 18, 2020.[12]

---

[5] ECF No. 23-24.
[6] ECF No. 24-17.
[7] ECF Nos. 24-23, 24-31.
[8] ECF No. 24-37.
[9] ECF No. 25-9.
[10] ECF No. 25-12.
[11] ECF Nos. 25-26, 25-28.
[12] ECF Nos. 25-54, 25-55.

Wolff initiated this federal habeas corpus action on March 5, 2020.[13] A month later, I directed Wolff to file an amended petition to correct defects in the original petition.[14] His pro se first-amended petition was postmarked on May 8, 2020.[15] I then appointed the Federal Public Defender to represent Wolff,[16] who filed a counseled second-amended petition (SAP) on March 10, 2021, containing ten grounds for relief.[17] Respondents now move to dismiss all ten grounds as untimely and alternatively to dismiss Grounds 1, 2, 4, 5, 6, 7, 8, and 10 as unexhausted or procedurally defaulted.[18]

## Discussion

**A.    Grounds 7 and 8 are untimely.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court.[19] That one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state-court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review).[20] Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending.[21] The period of limitation resumes when the post-conviction

---

[13] ECF No. 5.
[14] ECF No. 4.
[15] ECF No. 9.
[16] ECF Nos. 11, 13.
[17] ECF No. 18.
[18] ECF No. 41.
[19] 28 U.S.C. § 2244(d)(1).
[20] *Id*.
[21] 28 U.S.C. § 2244(d)(2).

judgment becomes final upon remittitur.[22] However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.[23]

Respondents argue that Wolff's SAP was filed beyond the statutory time period for filing a federal habeas petition under 28 U.S.C. § 2254 so his claims must be dismissed as untimely unless he can establish that they are timely filed based on another provision of the statute of limitations or that their untimeliness should be excused due to actual innocence, equitable tolling, or relation back to a prior timely filed pleading. Wolff does not dispute that his SAP was filed well beyond the statutory period, but he argues that his grounds relate back to his initial pro se petition.

For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in *Mayle v. Felix*[24] limits a habeas petitioner's ability to have newly added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The *Mayle* court held that an amended claim in a habeas petition relates back for statute-of-limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition.[25] That common core must not be viewed at too high a level of generality, and an "occurrence" for the purposes of Fed. R. Civ. P. 15(c) will consist of each separate set of facts that supports a ground for relief.[26] The scope of Rule 15(c) must be

---

[22] *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).
[23] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).
[24] *Mayle v. Felix,* 545 U.S. 644 (2005).
[25] *Id.* at 663–64.
[26] *Id.* at 661.

read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state the facts supporting each ground.'"[27]

In a prior order, I directed respondents to address whether any grounds raised in Wolff's SAP relate back to any timely filed grounds.[28] In their motion to dismiss, they argue that Grounds 1, 2, 3, 7, and 8 do not share a common core of operative facts with any timely filed grounds.[29] By not addressing Grounds 4, 5, 6, 9, and 10, respondents concede that those grounds relate back and are, therefore, timely.

In arguing that Grounds 1, 2, 3, 7, and 8 do not relate back, respondents rely heavily on Wolff's failure to identify which of his constitutional rights was violated as a result of the facts alleged under each of the numbered grounds in his initial pro se petition. They note correctly that Wolff did not fill in the blank spaces designated for that purpose on the court's form petition. According to respondents, a set of facts not tied to a constitutional claim cannot provide the subject matter to which a later claim can relate back.

In *Ross v. Williams*, the Ninth Circuit established two steps for a federal court to follow "to determine whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims."[30] First, the court must "determine what claims the amended petition alleges and what core facts underlie those claims."[31] Second, "for each claim in the amended petition," the court must examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to

---

[27] *Id*. (alteration in original).
[28] ECF No. 35 at 7.
[29] ECF No. 41 at. 7–8.
[30] *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020).
[31] *Id*.

set out "a corresponding factual episode" or "whether the claim is instead supported by facts that differ in both time and type" from those in the original petition.[32] "The central question under this framework is whether the amended and original petitions share a common core of operative facts, as those facts are laid out in the amended petition and 'attempted to be set out' in the original petition."[33] "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading."[34]

While appended written instruments are not part of the issue before me, I see no reason why these standards would not apply here. Indeed, the respondents rely on *Ross* to support their argument that Wolff's claims do not relate back to his initial petition. Without question, *Ross* requires facts to be tied to a claim in a timely petition for a petitioner to rely on those facts as grounds for relation back.[35] But Wolff's failure to identify a particular constitutional violation for a claim does not mean that the set of facts supporting the claim cannot be used to support relation back. That omission notwithstanding, a claim in the original petition could still set out or attempt to set out a "corresponding factual episode" to which a later claim could relate back. Reviewing Wolff's initial petition and his SAP on these terms, I conclude that Grounds 7 and 8 are time-barred.

---

[32] *Id*.

[33] *Id*.

[34] *Id*. at 1168 (internal brackets, quotation marks, and citation omitted).

[35] *See Ross*, 950 F.3d at 1172 n.17 (recognizing that "background facts" that do not relate to a pleaded claim are part of the petition but do not necessarily set out or attempt to set out a "claim" upon which an amended pleading can relate back).

*Ground 1* – In Ground 1 of his SAP, Wolff alleges a violation of his constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments due to the trial court's admission of gruesome autopsy and crime-scene photographs.[36] Ground 1 relates back to Ground 8 in Wolff's initial petition, which shares a common core of operative facts.[37] Thus Ground 1 is not time-barred.

*Ground 2* – In Ground 2, Wolff alleges a violation of his constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments based on the trial court's refusal to grant mistrial due to jury contamination.[38] The claim is based on the testimony of a potential juror, identified as Scott Smith, Juror No. 211, who notified the court during voir dire proceedings that he had overheard other potential jurors discussing a murder case. Wolff's counsel moved for a mistrial after Smith testified outside the presence of the jury panel that he heard other potential jurors say that they had been excused because of the violent nature of the crime, which was a murder involving a homosexual relationship and during which someone put a bag over someone's head and cut their throat. This ground relates back to Ground 2 in Wolff's initial petition, which shares a common core of operative facts.[39] Thus Ground 2 is not time-barred.

*Ground 3* – In Ground 3, Wolff alleges a violation of his constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments due to the trial court's failure to grant a mistrial after the disclosure of inaccurate testimony.[40] The claim is based on

---

[36] ECF No. 18 at 6–9.
[37] ECF No. 5 at 17.
[38] ECF No. 18 at 9–10.
[39] ECF No. 5 at 5.
[40] ECF No. 18 at 11–13.

testimony by an expert regarding the level of an illegal drug (gammahydroxibuterate (G.H.B.)) in the victim's blood. Much later in the trial, the prosecutor advised the trial court that the expert relied on an incorrect unit of measurement and that testimony from another expert would undermine Wolff's defense that the victim had attacked him. This ground relates back to Ground 9 in Wolff's initial petition which shares a common core of operative facts.[41] So Ground 3 is not time-barred.

*Ground 7* – In Ground 7, Wolff alleges he was denied his right to a fair trial when the trial court allowed the jury to convict him under an invalid legal theory in violation of the Sixth and Fourteenth Amendments.[42] Wolff contends that the State argued in closing that he could be found guilty of felony murder even if he took the victim's property after the victim was dead, which was an invalid theory.

Wolff argues that Ground 7 in his SAP shares a common core of operative facts with Grounds 9, 14, and 15 of his initial petition. Grounds 9 and 15 of the initial petition are premised on the inaccurate testimony discussed above.[43] Ground 14 involves the admission of expert testimony that Wolff's motive for killing his victim was theft, not self-defense.[44] Ground 7 of the SAP differs from the operative facts supporting these earlier claims and does not arise out of "the same conduct, transaction or occurrence" as the prior claims. So Ground 7 does not relate back to the initial petition and is time-barred.

*Ground 8* – In Ground 8, Wolff alleges he was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his attorney failed to move to

---

[41] ECF No. 5 at 19.
[42] ECF No. 18 at 21–23.
[43] ECF No. 5 at 19, 31.
[44] *Id.* at 29.

strike the felony-murder theory of liability and the felony-murder jury instruction. The claim relies as the same operative facts as Ground 7 of the SAP but seeks relief based on ineffective assistance of counsel rather than trial-court error. Wolff makes the same relation-back argument for Ground 8 that he does for Ground 7. Ground 8 does not relate back for the same reasons Ground 7 does not and is also time-barred.

**B.      Ground 2 is procedurally defaulted.**

Under the procedural-default doctrine, a federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.[45] The court will make an exception, however, "if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[46] Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision.[47] The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default."[48]

Respondents argue that Ground 2 of Wolff's SAP is barred by the doctrine of procedural default because he did not raise it until his state post-conviction proceeding, and the Nevada Supreme Court dismissed it under Nev. Rev. Stat. § 34.810. Nev. Rev. Stat. § 34.810(1)(b)(2) provides that a post-conviction claim brought by petitioner convicted after a trial must be

---

[45] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

[46] *Id*. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[47] *Id*. at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996).

[48] *Calderon v. United States Dist. Court for the E. Dist. of Cal*., 96 F.3d 1126, 1129 (9th Cir. 1996).

dismissed if it "could have been . . . [r]aised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief." The Ninth Circuit has recognized Nev. Rev. Stat. § 34.810 as an independent and adequate state ground for procedural default in non-capital habeas cases.[49]

Wolff does not dispute that his claim was dismissed under this statute but argues that the provision is not "adequate" to bar federal review. His only support for this proposition is two unpublished decisions in which the Nevada appellate court rejected a petitioner's juror-bias claims based on the law-of-the-case doctrine.[50] This falls well short of demonstrating that Nev. Rev. Stat. § 34.810(1)(b)(2) was not clear, consistently applied, and well-established at the time of Wolff's default.[51] Because Wolff offers no other grounds upon which his default might be excused, I conclude that this court is barred from considering Ground 2 on its merits.

## C. Ground 6 is unexhausted.

Because a state prisoner seeking federal habeas relief must give state courts a fair opportunity to act on each of his claims before he presents them in his federal petition, federal courts will not consider his petition until he has properly exhausted his available state remedies for all claims raised.[52] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state

---

[49] *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

[50] ECF No. 44 at 26 (citing *Vincent v. State*, 129 Nev. 1159 (2013) and *Carr v. Nevada*, 132 Nev. 952 (Nev. App. 2016)).

[51] *See Johnson v. Lee*, 578 U.S. 605, 610 (2016) (noting that every State has a rule limiting post-conviction remedies for claims that could have been raised on direct appeal and that, "[f]or such well-established and ubiquitous rules, it takes more than a few outliers to show inadequacy").

[52] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

10

collateral-review proceedings.[53] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[54] In addition, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."[55] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[56]

Grounds 1, 4, 5, 6, 7, 8, and 10 are the claims respondents argue are unexhausted. Wolff disputes that Grounds 1, 5, 6, and 10 are unexhausted. For Grounds 4, 7, and 8, Wolff agrees that the grounds were not presented to the state court but argues that, because they would now be barred as untimely and successive, the grounds are technically exhausted but procedurally defaulted. I first address whether Grounds 1, 5, 6, and 10 are exhausted.

*Ground 1* – As noted above, Wolff alleges in Ground 1 constitutional violations arising from the trial court's admission of gruesome autopsy and crime-scene photographs. He presented a claim on direct appeal challenging the trial court's admission of the photographs, but he cited only to state law.[57] In his state post-conviction proceeding, he presented the claim as a violation of state law and this Fifth Amendment right to due process.[58] The Nevada Supreme

---

[53] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[54] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[55] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

[56] *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[57] ECF No. 24-5 at 56–57.

[58] ECF No. 25-35 at 14–15.

11

Court held that, because the claim was not substantially different from the claim presented on direct appeal, it was barred by the law-of-the-case doctrine.[59]

The Nevada Supreme Court's refusal to consider the claim because it had already been presented does not render the claim unexhausted. "To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is ripe for federal adjudication."[60] I also find no merit to respondents' argument that the claim is unexhausted because Wolff has added, in his federal petition, a violation of his right to a fair trial under the Sixth and Fourteenth Amendments. To the extent federal relief may be available for Ground 1, it would be due to a denial of due process.[61]

*Ground 5* – In Ground 5 Wolff alleges that he was denied his right to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendment when the trial court failed to grant a mistrial due to prosecutorial misconduct.[62] This ground is based on a claim that the prosecutor elicited improper character evidence about Wolff's truthfulness. He asserts a violation of his Fifth Amendment right to remain silent due to the trial court's failure to issue a curative instruction or grant a mistrial. He also asserts a violation of right to a fair trial due to prosecutorial misconduct.

Wolff presented a claim on direct appeal arguing that was denied his right to a fair trial because the prosecutor improperly questioned a witness about his truthfulness, but he cited only

---

[59] ECF No. 25-54 at 3.

[60] *Cone v. Bell*, 556 U.S. 449, 467 (2009) (citation omitted).

[61] *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (holding that a violation of state evidentiary law allows for habeas relief only if it "so infected the entire trial that the resulting conviction violates due process").

[62] ECF No. 18 at 16–18.

to state law.[63] In his state post-conviction proceeding, he argued that the trial court's failure to issue a curative instruction or grant a mistrial implicated his Fifth Amendment right to remain silent.[64] While he claimed that the prosecutor's questioning was improper, he did not allege a federal constitutional violation due to prosecutorial misconduct. The Nevada Supreme Court held that, because the claim was not substantially different from the claim presented on direct appeal, it was barred by the law-of-the-case doctrine.[65] I conclude that Ground 5 is exhausted, but only to the extent it alleges a violation of Wolff's Fifth Amendment right to remain silent.

*Ground 6* – In Ground 6, Wolff alleges that he was denied his right to a fair trial under the Sixth and Fourteenth Amendments when the trial court allowed a purported expert, Kris Mohandie, to testify about "false victimization."[66] Wolff alleges that Mohandie testified as a rebuttal witness that evidence indicated that Wolff staged the crime to make himself appear to be a victim and that Wolff's primary motive was theft, not self-defense. Wolff contends that Mohandie should not have been permitted to testify as an expert because false victimization is not an established area of science, and the State did not demonstrate he had the requisite knowledge, skill, experience, training, or education.

Wolff presented a claim on direct appeal that was denied his right to a fair trial based on the admission of Mohandie's testimony, but he did not allege a federal constitutional violation.[67] The Nevada Supreme Court determined that the trial court abused its discretion by admitting

---

[63] ECF No. 24-5 at 61.
[64] ECF No. 25-35 at 15–17.
[65] ECF No. 25-54 at 3–4.
[66] ECF No. 18 at 19–21.
[67] ECF No. 24-5 at 62–66.

Mohandie's testimony but found the error harmless.[68] Wolff did not raise the issue of Mohandie's testimony in his state post-conviction appeal.

Wolff argues that Ground 6 is exhausted because the Nevada Supreme Court cited to *Collman v. State*[69] to support its harmless-error holding, and *Collman* relied on U.S. Supreme Court precedent as a source for its harmless-error analysis. Although Wolff is correct that a claim can be considered exhausted when the state court rules on the federal constitutional issue despite the appellant's failure to present it,[70] but that didn't happen here: the Nevada Supreme Court did not address whether Wolff's federal constitutional rights were violated as a result of the trial court's admission of Mohandie's testimony. So Ground 6 is unexhausted.

*Ground 10* – In Ground 10, Wolff alleges that the cumulative effect of errors at trial violated his constitutional rights.[71] He argues correctly that the claim need not be exhausted because the court must consider the cumulative impact of errors properly brought before it.[72]

**D.    Grounds 4, 6, 7, and 8 are technically exhausted but procedurally defaulted.**

The Supreme Court has recognized that if a state court remedy is no longer available for the petitioner, an unexhausted claim can be considered procedurally defaulted.[73] The federal

---

[68] ECF No. 24-17 at 6–7.

[69] *Collman v. State*, 7 P.3d 426, 449 (2000).

[70] *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("It is reasonable to infer an exception [to the exhaustion requirement] where the State has actually passed upon the claim."); *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) ("[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court.").

[71] ECF No. 18 at 27–28.

[72] *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (stating that "even if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'") (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)).

[73] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

court can treat such a claim as technically exhausted but subject to the procedural-default doctrine. "An unexhausted claim will be procedurally defaulted if state procedural rules would now bar the petitioner from bringing the claim in state court."[74] Here, the parties do not dispute that this applies to Grounds 4, 7, and 8 of Wolff's SAP. Because Ground 6 is also unexhausted, I see no reason why it would not fit in this category as well. Wolff argues, however, that he can overcome the default of Grounds 4 and 8 because his state post-conviction counsel's failure to raise them amounted to ineffective assistance of counsel. In both grounds, Wolff alleges that he was deprived of effective assistance of trial counsel in violation of his rights under Sixth and Fourteenth Amendment.

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel.[75] It noted that it had previously held that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default,[76] and it qualified that prior holding "by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[77] A petitioner makes the necessary showing under *Martinez* when he demonstrates that "(1) post-conviction counsel performed deficiently; (2) 'there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different'; and (3)

---

[74] *Dickens v. Ryan,* 740 F.3d 1302, 1317 (9th Cir. 2014).
[75] *Martinez v. Ryan*, 566 U.S. 1 (2012).
[76] *Id*. at 15.
[77] *Id*. at 9.

15

the 'underlying ineffective-assistance-of-trial-counsel claim is a substantial one.'"[78] A claim is substantial if it has "some merit."[79] Because Ground 8 is time-barred as explained above, the question whether Wolff can meet this standard showing for that claim is moot.[80] Whether Wolff can meet the standard for Ground 4 depends on the underlying merits of the claim, which I cannot determine at this stage. So, I reserve judgment on the issue until the merits of the Ground 4 have been fully briefed.

For Ground 7, Wolff contends that he can overcome the procedural bar because he is actually innocent of felony murder. To demonstrate actual innocence for this purpose, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[81] Rather than present new evidence, Wolff argues that he could not have been convicted under a felony-murder theory because the intent to rob did form until after the victim's death. Because he makes "a purely legal claim that has nothing to do with factual innocence," Wolff's actual-innocence claims fails.

---

[78] *Dickinson v. Shinn*, 2 F.4th 851, 858 (9th Cir. 2021) (quoting *Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019) (*rev'd on other grounds by Shinn v. Ramirez*, 142 S. Ct. 1718 (2022)).

[79] *Id*. (quoting *Martinez*, 566 U.S. at 14).

[80] *See Lambrix v. Sec. of Fla. Dep't of Corrs*., 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotation marks omitted).

[81] *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **[ECF No. 41]** is **Granted in Part and Denied in Part**:

- Grounds 2, 6, 7, and 8 in the second-amended petition are DISMISSED;
- A ruling on Ground 4 is deferred until I rule on the merits; and
- In all other respects the motion is denied.

IT IS FURTHER ORDERED that petitioner's motion for extension of time **[ECF No. 43]** is GRANTED *nunc pro tunc* to July 25, 2022.

IT IS FURTHER ORDERED that respondents have until January 9, 2023, to file an answer responding to the remaining claims in petitioner's second amended petition (ECF No. 18). In all other respects, the briefing schedule in the July 8, 2020, order (ECF No. 13) remains in effect

Dated: November 9, 2022

_____
U.S. District Judge Jennifer A. Dorsey